UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM L. DUKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:20-CV-0117-G-BH |
| DALLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On June 25, 2021, the magistrate judge issued her Findings, Conclusions, and Recommendation ("FCR"), recommending that the plaintiff's complaint be dismissed with prejudice for failing to state a claim upon which relief may be granted. *See generally* docket entry 18. More specifically, the plaintiff alleges that he was wrongfully convicted of burglary of a habitation in 1992. After the plaintiff was exonerated, he brought this suit against Dallas County for his wrongful conviction. But his complaint failed to identify a Dallas County policy or custom that led to his alleged wrongful incarceration – much less a policy promulgated with the requisite deliberate indifference; thus, the magistrate judge recommended dismissal. See *id*. at 4-6.

The plaintiff has subsequently filed a document entitled "Motion to Amend/Object/Appeal Magistrate Findings, Conclusions, and Recommendation" which the court construes, liberally, as an objection to the FCR, as well a motion to amend the complaint. *See generally* docket entry 19; see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (noting that a document filed *pro se* is "to be liberally construed") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The court first addresses the plaintiff's request to amend his complaint. Initially, the plaintiff's request to amend does not comply with this district's local rules. Specifically, Northern District of Texas Local Rule 15-1 requires a party seeking leave to amend to attach a copy of the proposed amended complaint as an exhibit to the motion – whether the motion is filed in paper form or electronically. The plaintiff, however, did not attach a copy of his proposed amended complaint to his motion. This alone is sufficient cause to deny his motion for leave to amend. See *Shabazz v. Franklin*, No. 3:04-CV-0602-N, Findings, Conclusions, and Recommendation of the United States Magistrate Judge (docket entry 15) at 6 (N.D. Tex. March 8, 2005) (Ramirez, J.) (holding that denial of a *pro se* party's motion to amend is proper if the party did not file a copy of the proposed amended complaint), *rec. adopted,* 380 F.Supp.2d 793 (N.D. Tex. 2005) (Godbey, J.).

Further, even considering the merits of the motion, while Federal Rule of Civil Procedure 15(a) requires a trial court to grant leave to amend freely, leave to amend is in no way automatic. See *Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment.'" *Id.* (citation omitted). Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id.*

The court determines that the plaintiff's proposed amendment would be futile here. The plaintiff proposes to amend his complaint to accuse unidentified "Dallas County elected policy makers along with Irving PD and Dallas County DA office and Court #5" of violating an unspecified policy which led to his wrongful conviction, which has since been overturned. *See* docket entry 19 at 5. However, the Irving Police Department is a nonjural entity, and a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or

department enjoys a separate and distinct legal existence. See *Darby v. Pasadena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991). The same is true of the Dallas County District Attorney's Office and district courts within Dallas County: suit against these entities is, in effect, a suit against Dallas County. See *Wilson v. Dallas County*, No. 3:11-CV-0879-L, 2014 WL 4261951, at *6 (N.D. Tex. Aug. 29, 2014) (Lindsay, J.) ("Dallas County is the entity that has jural existence, and a suit against the Commissioners Court is a nullity and can only proceed as one against Dallas County as the proper party. Accordingly, the court treats the suit against the Commissioners Court as one against Dallas County."); *Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued).

Moreover, as for Dallas County, the plaintiff contends that there were policies and customs in place that would have prevented his wrongful conviction, but "Dallas County elected policy makers" did not follow these policies. To establish municipal liability under 42 U.S.C. § 1983 ("§ 1983"), the plaintiff must allege the existence of a policy maker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. See *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978)), *cert. denied*, 534 U.S. 820 (2001). Generally, an "official

policy" for purposes of § 1983 liability is either: (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's law-making officers or by an official to whom the lawmakers have delegated policy-making authority or (2) a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003) (citation omitted). It is also true that "the existence of a well-established officially-adopted policy will not insulate the municipality from liability where the policy-maker departs from the formal rules." *Cox v. City of Jackson*, 343 F.Supp.2d 546, 567 (S.D. Miss. 2004) (citing *Gonzalez v. Ysleta Independent School District*, 996 F.2d 745, 754 (5th Cir. 1993)) (further citations omitted).

The plaintiff here appears to be relying upon a theory that policy makers deviated from constitutional policy and that this deviation was the "moving force" behind his injury. However, his proposed amendment is far too short on specifics to state a claim. The plaintiff does not specifically identify a policy maker, instead asserting in conclusory fashion that "Dallas County elected policy makers" violated municipal policy. *See* docket entry 19 at 5; see also *Harmon v. City of Arlington, Tex*as, 478 F.Supp.3d 561, 574-75 (N.D. Tex. 2020) (O'Connor, J.) (dismissing municipal liability claim where the plaintiff failed to identify a specific policy maker and finding

allegation that the "City of Arlington" as a policy maker with knowledge of the failure to discipline at issue in that case was too conclusory to support relief); *Chalmers v. City of Dallas*, No. 3:14-CV-0036-N, Findings, Conclusions and Recommendation of the United States Magistrate Judge (docket entry 19) at 5 (N.D. Tex. March 21, 2014) (Horan, J.) (dismissing § 1983 municipal liability claim and noting that "the complaint does not include any allegations to suggest the identify of a municipal policymaker who created a policy that was the 'moving force' behind the alleged constitutional violation"), *rec. adopted,* 2014 WL 1778946 (N.D. Tex. May 5, 2014) (Godbey, J.).

Nor does the plaintiff identify a specific policy of Dallas County from which the policy maker supposedly deviated; he alleges only that Lewisville Police Department arrest reports existed showing his innocence but that a burglary detective from the Irving Police Department and unidentified persons within the Dallas County District Attorney's Office failed to investigate this evidence in violation of the City of Irving's policy. *See* docket entry 19 at 5-6. The plaintiff's failure to specifically allege a policy maker (of either Dallas County or the City of Irving) who deviated from a specific policy, thereby causing his constitutional injury, precludes any municipal liability claim. See *Doe v. City of Springtown*, Civil Action No. 4:19-CV-0166-P-BP, 2019 WL 9406510, at *3 (N.D. Tex. Nov. 26, 2019) (Ray, J.) (noting that the plaintiff "must specifically identify each policy that allegedly caused

- 6 -

constitutional violations") (citing *Piotrowski*, 237 F.3d at 579), *rec. adopted*, 2020 WL 1861882 (N.D. Tex. Apr. 14, 2020) (Pittman, J.); see also *Chalmers*, 2014 WL 1778946, at *3. Thus, because the plaintiff's proposed amendment still fails to state a municipal liability claim, the request to amend is **DENIED** as futile.

And finally, after reviewing the plaintiff's objections, in accordance with 28 U.S.C. § 636(b)(1), the undersigned is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the court. The plaintiff's objections are **OVERRULED** and by separate judgment, the plaintiff's complaint will be dismissed with prejudice.

**SO ORDERED.**

July 29, 2021.

_____
**A. JOE FISH**
**Senior United States District Judge**